IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Martin Rodriguez, | NO. C 05-03351 JW |
| Plaintiff, | **ORDER OF DISMISSAL PURSUANT TO F.R.C.P RULE 41(B)** |
| v. | |
| City of San Jose, et al., | |
| Defendants. | |

Martin Rodriguez ("Plaintiff") brings this action under 42 U.S.C. § 1983 for false arrest, excessive force, and malicious prosecution, and violations of Cal. Civil Code § 52.1. Plaintiff names the following Defendants: City of San Jose ("City"), San Jose Police Department, County of Santa Clara ("County"), Department of Corrections of the County of Santa Clara ("DOC"), Officers Woolsey and Carrillo, (collectively "Defendants").

The Court conducted a case management conference on May 8, 2006. Cliff Greenberg appeared on behalf of the City. David Rollo appeared on behalf of the County and DOC and the related Officer Defendants. There was no appearance by Plaintiff.

Plaintiff filed this law suit on August 17, 2005. In late November of 2005, Defendants City and County noticed their motions to dismiss before Magistrate Judge Lloyd. (See Docket Item Nos. 8, 12.) Plaintiff failed to file an opposition pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court. However, on December 1, 2005, the case was reassigned to this Court following Defendant City's declination to proceed before the Magistrate Judge. Pursuant to the Order reassigning the case to this Court, all motions pending before Judge Lloyd were vacated. (See

Docket Item No. 15.)  The motions were then improperly noticed before this Court.  The Court vacated the hearing on Defendants' motions and advised the Defendants to renotice their motions pursuant to the Local Rules.  (See Docket Item No. 20.)  In that Order, the Court reminded Plaintiff that a failure to file an opposition may result in a dismissal of his action.  Pursuant to the Local Rules of this Court, Defendants promptly renoticed their motions for a hearing on March 13, 2006.  (See Docket Item Nos. 21, 22.)

Up to the date of the hearing, Plaintiff still did not file an opposition to those motions.  However, Plaintiff's counsel did make an appearance.  At the March 13, 2006 hearing, the parties informed the Court that they had reached an agreement allowing Plaintiff to file an amended complaint.  Defendants agreed to terminate their motions to dismiss.  Plaintiff's counsel represented to the Court that he had the amended complaint ready to file on the same day, and in fact, represented that he would immediately file it after the hearing.  Indeed, counsel did file the amended complaint but was informed by the Clerk's that he needed to e-file it as the case has been designated for e-filing.  (See Docket Item Nos. 25, 26.)   To date, Plaintiff has yet to conform to the e-filing requirements of this Court.

Plaintiff has also failed to meet and confer with the Defendants to file the required joint case management statement.  On the date of the case management conference, Defendants shared with the Court an email sent by Plaintiff's counsel dated May 4, 2006, stating that he would not be able to make the conference because he had been unable to make the appropriate reservations.

A district court has the authority to dismiss a case for lack of prosecution pursuant to its inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure.  See Link v. Wabash R. Co., 370 U.S. 626 ( 1962). Rule 41(b) recites in pertinent part that: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. . . . [A] dismissal under this subdivision . . . operates as an adjudication upon the merits."  Fed. R. Civ. P. 41(b).  "This power is necessary to prevent undue delay in the disposition of pending cases, docket congestion, and, the possibility of harassment of a defendant."  Medeiros v. U.S., 621 F.2d 468, 470 (1st Cir. 1980).

1  In determining whether to dismiss for lack of prosecution, generally the court considers: (1)
2  the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket,
3  (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their
4  merits, and (5) the availability of less drastic sanctions. See Al-Torki v. Kaempen, 78 F.3d 1381,
5  1384 (9th Cir. 1996).  The court may dismiss a case sua sponte for lack of prosecution by the
6  plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990).  Sua
7  sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether
8  or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d
9  272, 274 (9th Cir.1992).

10  Applying the Al-Torki factors to this case, the first two factors are obvious on their face and
11  need no further analysis.  With respect to the third factor, Defendants have complied with the
12  Federal Rules of Civil Procedure, and the Local Rules of this Court.  The Court finds that the
13  Defendants would be prejudiced by the need for further litigation of this matter due to Plaintiff's
14  non-responsiveness.  Generally, in Section 1983 cases, delay itself is prejudicial because witness
15  memories fade and evidence becomes stale or undiscoverable.  While the fourth Al-Torki factor
16  favors resolution on the merits, Plaintiff has been utterly unavailable to the Defendants and to this
17  Court.  The fact that Plaintiff has been warned many times regarding his failures to register with the
18  Court's e-filing system shows that he has had ample opportunity to correct the error.  Under these
19  circumstances, the Court finds that the fourth factor is outweighed by the others.

20  Plaintiff's failure to properly file his amended complaint, and to appear at the May 8, 2006
21  case management conference demonstrates that Plaintiff has abandoned this litigation.  The Court
22  therefore concludes there is no suitable alternative less drastic sanction to dismissal.

23  Accordingly, the Court DISMISSES this action with prejudice pursuant to Rule 41(b) of the
24  Federal Rules of Civil Procedure.

26  Dated: May 30, 2006

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Clifford S. Greenberg cao.main@ci.sj.ca.us
David Michael Rollo david.rollo@cco.sccgov.org

Suarez M Guillermo
Suite D
5441 East Beverly Blvd
Los Angeles, CA 90022

| | |
|---|---|
| **Dated: May 30, 2006** | **Richard W. Wieking, Clerk** |
| | **By:__/s/ JW Chambers_____**<br>       **Melissa Peralta**<br>       **Courtroom Deputy** |